UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GERMAINE SHONTE RAINES,

                 Petitioner,             Case No. 1:11-cv-106

v.                                    Honorable Gordon J. Quist

MARY BERGHUIS,

                 Respondent.
_____/

**OPINION**

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      Factual allegations

Petitioner Germaine Shonte Raines presently is incarcerated at the Earnest C. Brooks Correctional Facility. Following a jury trial, Petitioner was convicted of two counts of assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, two counts of armed robbery, MICH. COMP. LAWS § 750.529, two counts of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, and one count of being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f. On September 6, 2006, he was sentenced by the Berrien County Circuit Court to two prison terms of 5 to 15 years for the assault convictions, two terms of 40 to 60 years for the armed-robbery convictions, one term of 5 to 15 years for the felon-in-possession conviction, and two consecutive terms of 2 years for the felony-firearm convictions.

Petitioner, through counsel, appealed his convictions to the Michigan Court of Appeals, raising two issues: (1) denial of due process by the prosecution's failure to produce a known res gestae witness; and (2) ineffective assistance of trial counsel in failing to impeach a witness with prior testimony. Petitioner also filed a *pro per* supplemental brief on appeal, in which he raised six additional issues: (1) denial of due process by the prosecutor's misconduct in questioning Petitioner about the credibility of other witnesses; (2) denial of due process by improper prosecutorial vouching; (3) denial of due process by the admission of opinion testimony by a non-expert; (4) denial of due process by the use of an unduly suggestive photo array; (5) ineffective assistance of appellate counsel; and (6) denial of due process by the court's failure to grant Petitioner's request for replacement counsel. In an unpublished opinion issued August 13, 2009, the court of appeals rejected all appellate arguments and affirmed the convictions. Petitioner raised

the same issues in an application for leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on December 21, 2009.

On December 20, 2010, Petitioner filed a motion for relief from judgment in the Berrien County Circuit Court. The motion raised the following seven issues: (1) denial of due process when the judge who presided over the preliminary examination also served as the judge who tried the case; (2) denial of due process by the failure to arraign Petitioner in the circuit court; (3) denial of due process by inaccurate and inadequate jury instructions; (4) denial of due process when the trial court ceded control of the proceedings to the prosecution; (5) denial of due process by prosecutorial misconduct; (6) ineffective assistance of counsel in failing to meet with Petitioner, to investigate, to raise an alibi defense and to object to the improper admission of evidence; and (7) ineffective assistance of appellate counsel in failing to raise these issues on direct appeal. Petitioner simultaneously filed motions to disqualify the judge, for an evidentiary hearing and for appointment of counsel. The Berrien County Circuit Court has not yet addressed Petitioner's motions.

By reference to and incorporation of his attachments, which include the briefs on direct appeal as well as the motion for relief from judgment, Petitioner appears to raise all fifteen grounds presented on direct appeal and in the motion for relief from judgment.

II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77

(1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised his first eight grounds in his direct appeal to the Michigan Court of Appeals and in his application for leave to appeal to the Michigan Supreme Court. Petitioner acknowledges, however, that his remaining seven claims are not yet exhausted. He moves (docket #3) for a stay of these proceedings pending his completion of the state-court proceedings.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). The Court concludes that Petitioner has at least one available remedy remaining. Although Petitioner has filed a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.,* the circuit court has not yet issued its decision. Moreover, should the circuit court reject his claims, Petitioner may seek leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. As a consequence, the Court concludes that seven of Petitioner's claims are unexhausted.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his convictions to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on December 21, 2009. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 22, 2010. Accordingly, absent tolling, Petitioner would have one year, until March 21, 2011 in which to file his habeas petition. However, the running of the

statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As a result, Petitioner's statute of limitations was tolled on December 20, 2010, when he filed his motion for relief from judgment in the circuit court. At that time, Petitioner had 90 days remaining in his limitations period. The statute of limitations will remain tolled until Petitioner completes review in the Michigan courts. *See Carey v. Saffold*, 536 U.S. 214, 219 (2002).

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). Petitioner already has filed his post-conviction motion and has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Plaintiff decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only his exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: March 9, 2011                    _____/s/ Gordon J. Quist_____
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE